## (November 26, 1973)

■ HEIDE M. BENOIT, Appellant, v. MARIAN TRAVAGLINI et al., Respondents. (And a Third-Party Action.) — In a personal injury action, plaintiff appeals from a judgment of the Supreme Court, Rockland County, dated January 8, 1972, against her and in favor of defendants Travaglini, Marcin, Town of Clarkstown, Marvroy Realty Corp. and Spring Valley Water Company, upon a jury verdict. Judgment affirmed, without costs. This action arose out of an accident which occurred on September 3, 1966 on Mitchell Drive at Sherry Drive in the Town of Clarkstown. Plaintiff was injured

while riding as a passenger in an automobile driven by defendant Marcin and owned by defendant Travaglini. Plaintiff claimed that the front wheels of the car sank into the dirt of a recently filled trench which extended across Mitchell Drive, with the underside of the car coming to rest atop a manhole cover. The trench had been excavated pursuant to a permit issued by the defendant Town of Clarkstown in connection with the installation of a water main on behalf of defendant Marvroy Realty Corp., a developer. The installation of the water main was undertaken by defendant Spring Valley Water Company, but the actual excavation, laying of the pipe and refilling were performed by a contractor. There was testimony by people who saw the position of the car after the accident that only the right wheel was sunk into the dirt of the trench. There was also testimony that although the pavement on Mitchell Drive was dry at the time of the accident it had been raining that morning. The contractor who actually performed the work in connection with the installation of the water main was not sued. However, the contractor's superintendant, who had been in charge of the work, gave the only testimony as to the nature of work done, the manner in which the trench was backfilled and the condition of the accident site when the job was finished five days prior to the accident. He testified that after laying the pipes the excavation was backfilled with a run of two to three feet of bank gravel around the pipes. An automatic tamper was used to tamp the bank gravel. A front end loader was then used to put back into the trench the suitable fill that had previously been taken out. The backfill was put in in layers, with each layer tamped. The trench was backfilled until it was even with the existing road. Heavy equipment was then used to make sure it was compacted. When the job was completed on August 29, 1966 the trench was even with the macadam. Certainly, the jury could have validly found, as they did, that based on the superintendent's testimony the backfilling work had been performed properly. It is true that the Town of Clarkstown had a nondelegable continuing duty to inspect the work done by the contractor following the issuance of the permit by the town (*Hipius* v. *City of Yonkers*, 22 A D 2d 945). Admittedly, the town did not make any inspections. However, there was no testimony indicating that the condition of the site prior to the accident was such as to put the town or the other defendants on notice of the existence of a defect. A witness who lived 150 to 200 feet from the accident scene testified that on the day of the accident there were cars driving in both directions over the site and no other accidents occurred. Therefore, the jury could have properly found that although the town had not inspected the accident site, nevertheless, since the condition of the road prior to the accident was such that an inspection would not have revealed any danger, the town could not be held liable. Plaintiff claims that a new trial must be granted because the trial court erred in its charge to the jury on contributory negligence. While the court's charge on this issue may have been inaccurate, it was harmless error, since it is clear that the jury found that negligence had not been proven. The foreman of the jury, in response to a question by the court of whether the jury had reached a verdict, stated, "We have. No negligence has been proved." Accordingly, the judgment must be affirmed. Gulotta, Christ and Brennan, JJ., concur; Shapiro, Acting P. J., and Benjamin, J., concur in the affirmance as to all respondents, except as to the Town of Clarkstown, and as to said respondent they dissent and vote to reverse the judgment and grant a new trial, with the following memorandum: In this case plaintiff was allegedly injured while a passenger in a motor vehicle the wheels of which dropped into an unbarricaded deep hole in a public street which could not be seen or felt until the

car passed over the area. Upon this record it appears clearly that the defendant Town of Clarkstown defaulted in its nondelegable duty to inspect the work done by a contractor in a public street, pursuant to permit, issued by the town. This permit authorized the contractor to dig a trench, lay pipe therein and refill the excavation, in connection with the extension of water lines for new homes in process of construction. The issuance of a permit for this type of work imposed upon the town a duty to inspect the contractor's work " to see that the public is properly protected " (*Ehret* v. *Village of Scarsdale,* 269 N. Y. 198, 205; *Hipius* v. *City of Yonkers,* 22 A D 2d 945). Without exception, the trial court properly charged that if plaintiff was looking from one side to another she could not be contributorily negligent (*Meyer* v. *Brown-Harter Cadillac,* 32 A D 2d 1045; *Paul* v. *Paul,* 41 A D 2d 560). Under these circumstances, the court's further charge on contributory negligence was basically erroneous in permitting the jury to consider whether plaintiff, instead of looking at the new homes, should have looked straight ahead " and seeing this ditch, should have called out in kind of a warning." The court's charge on this subject matter was particularly damaging to plaintiff since the record makes it clear that there was nothing to be seen. By reason of the foregoing we believe there should be a new trial as to the defendant Town of Clarkstown.